UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROCHELLE SINGLETON | * CIVIL ACTION NO. |
| | * |
| VERSUS | * SECTION |
| | * |
| SANTANDER CONSUMER USA INC. | * MAGISTRATE |
| | * |
| | * |

**NOTICE OF REMOVAL**

The Notice of Removal of Santander Consumer USA Inc., removing this action from the City Court of Baton Rouge and, to the extent required, reserving any and all rights, objections, defenses, exceptions, and motions, respectfully represents as follows:

**BACKGROUND**

1.

On or about March 30, 2011, plaintiff, Rochelle Singleton ("Plaintiff"), commenced an action against defendant, Santander Consumer USA Inc. ("Santander"), in the City Court of Baton Rouge entitled *Rochelle Singleton v. Santander Consumer USA Inc.* and bearing Suit Number 11-02832-C ("City Court Suit") on the docket of that court.

2.

Pursuant to 28 U.S.C. § 1446(a), copies of the Petition and accompanying Citation are attached, *in globo*, to this Notice of Removal as **Exhibit "A"** and constitute all process, pleadings and orders served upon defendant Santander.

1714087-1

3.

In the City Court Suit, Plaintiff alleges: (a) that she is a resident of the City of Baton Rouge and an "applicant" as defined in 15 U.S.C. § 1691a(b) of the Equal Credit Opportunity Act (15 U.S.C. § 1691, *et seq.*) ("the ECOA") (a subchapter of the Federal Consumer Credit Protection Act (15 U.S.C. § 1601, *et seq.*)); and (b) that Santander is a foreign corporation, doing business in the State of Louisiana, that regularly extends, renews, or continues credit, arranges for the extension, renewal or continuation of credit, or participates in the decision of whether or not to extend credit (Petition, ¶¶ 4-6).

4.

Plaintiff further alleges: (a) that, on March 4, 2009, she applied for the extension of credit through Gerry Lane Chevrolet ("Gerry Lane") for the purpose of purchasing and financing a motor vehicle; (b) that Gerry Lane forwarded a credit application to Santander, which then requested or caused to be requested, and had issued, a consumer report on Plaintiff to determine whether or not it would agree to purchase a credit contract for Plaintiff for the purchase of a motor vehicle; and (c) that, based on the information contained in the consumer report, Santander took adverse action on Plaintiff's application and denied her credit (Petition, ¶¶ 7-9).

5.

Plaintiff further alleges: (a) that, on March 30, 2009, Santander mailed an adverse action letter to Plaintiff, listing "Too many recently reported auto finance trades" as one of the reasons for denying Plaintiff's application for credit; and (b) that she verified that this reason was not correct by requesting a copy of her consumer report from the consumer reporting agency/credit bureau (Petition ¶¶ 10-12).

6.

Plaintiff further alleges that Santander violated the ECOA and Regulation B (12 C.F.R. § 202) issued by the Board of Governors of the Federal Reserve System ("Regulation B"), by providing her with a reason for the denial of credit that was incorrect (Petition, ¶ 13).

7.

Plaintiff further alleges that, as a direct and proximate result of Santander's violations of the ECOA and Regulation B, she has suffered actual damages for her embarrassment, humiliation, mental distress and inconvenience, and that Santander is liable for those damages, pursuant to the ECOA (Petition, ¶ 14).

8.

Plaintiff further alleges that the acts complained of were done by Santander intentionally, willfully or purposefully, and fail to comply with the requirements of the ECOA, including but not limited to 15 U.S.C. § 1691(d), and the requirements of Regulation B, including but not limited to Section 202.9, and that Plaintiff is entitled to punitive damages, declaratory relief and injunctive relief (Petition, ¶ 15).

9.

Plaintiff prays for the following relief: (a) actual damages; (b) injunctive and declaratory relief pursuant to 15 U.S.C. § 1691e(c); (c) punitive damages pursuant to 15 U.S.C. § 1691e(b); attorney's fees pursuant to 15 U.S.C.§ 1691e(d); and (e) costs (Petition, ¶ 1 and Prayer for Relief).

## FEDERAL QUESTION JURISDICTION

10.

The City Court Suit is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, as it is an action arising under the Constitution, laws, or treaties of the United States, and therefore may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b).

11.

As set forth in her Petition, Plaintiff's sole claims against Santander are for alleged violations of the Equal Credit Opportunity Act (15 U.S.C. § 1691, *et seq.*) (a subchapter of the Federal Consumer Credit Protection Act (15 U.S.C. § 1601, *et seq.*)) and Regulation B (12 C.F.R. § 202) issued by the Board of Governors of the Federal Reserve System. The ECOA and Regulation B establish both the causes of action asserted and the remedies sought by Plaintiff and further expressly acknowledge the jurisdiction of the appropriate United States district court to resolve such disputes. *See* 15 U.S.C. § 1691e and 12 C.F.R. § 202.16. Accordingly, Plaintiff's claims against Santander "arise under" the laws of the United States within the meaning of 28 U.S.C. § 1331, and the City Court Suit is properly removable to this Court under 28 U.S.C. § 1441(a) and (b).

## THE REMOVAL IS TIMELY AND PROPER

12.

This Notice of Removal is being filed within thirty (30) days after proper service on the sole defendant Santander of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, according to 28 U.S.C. § 1446(b).

13.

Santander was served with the Citation and Petition on June 30, 2011, through CT Corporation, its registered agent for service of process in Louisiana.

14.

Thus, the removal by Santander is timely. Santander is removing the City Court Suit within thirty (30) days of service of the Citation and Petition.

15.

The City Court of Baton Rouge, where the City Court Suit was filed, is located within the Middle District of Louisiana, and therefore this Court is the proper court for the removal of this action. *See* 28 U.S.C. §§ 98(b), 1441(a).

16.

This action is being removed without any waiver of any rights, objections, defenses, exceptions, or motions, state or federal, including but not limited to improper service, citation, venue, lack of amicable demand, non-joinder of a party, jurisdiction, prematurity, and vagueness.

**WHEREFORE**, defendant, Santander Consumer USA Inc., prays that the above numbered and entitled cause on the docket of the City Court of Baton Rouge be removed from that Court to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

_____
JAMES C. YOUNG (#18054)
PHILIP R. SIMS (#27644)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, 2300 Energy Centre
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
*Attorneys for Defendant, Santander Consumer USA, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 29th day of July, 2011, a copy of the foregoing has been filed with the United States District Court for the Middle District of Louisiana by electronic case filing/case management. All counsel of record are being served with this filing by either the court's electronic filing system or by telefaxing and/or placing a copy of same in the United States Mail, properly addressed and with adequate postage affixed thereon.

_____